**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT MITCHELL, | No. 10-36050 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-05080-BHS |
| v. | |
| C/O GILBERT, INI McNeil Island Correction Center; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted December 19, 2011**

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Robert Mitchell, a Washington state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging that defendants

violated his constitutional rights.  We have jurisdiction under 28 U.S.C. § 1291.

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review de novo, *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on the interference with mail and access to court claims because Mitchell failed to raise a genuine dispute of material fact as to whether defendants interfered with Mitchell's communications with his attorney, or whether a restriction, other than mail that violated the stop contact order, was placed on his incoming or outgoing mail. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (party opposing summary judgment may not rest on conclusory allegations or mere assertions).

The district court properly granted summary judgment on Mitchell's claim for restoration of and/or proper calculation of good time credit because resolution of the claim would necessarily implicate the length of Mitchell's confinement. *See Edwards v. Balisok*, 520 U.S. 641, 645 (1997) (challenge to loss of good-time credits not cognizable under § 1983); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (§ 1983 claims that necessarily challenge the fact or duration of confinement are barred).

Mitchell's contention that the district court should have granted him a continuance so that he could conduct additional discovery fails because Mitchell did not move the court for additional discovery as required by Federal Rule of

Civil Procedure 56(d).  *See Barona Grp. of the Capitan Grande Band of Mission Indians v. Am. Mgmt. & Amusement, Inc.*, 840 F.2d 1394, 1400 (9th Cir. 1987) (reference to a need for discovery in memoranda and declarations insufficient to satisfy requirements for Rule 56 motion for additional discovery).

We decline to consider  Mitchell's challenge to the lawfulness of the stop contact order.  *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) (court of appeals will not consider issues not properly raised before the district court).

Mitchell's remaining contentions are unpersuasive.

**AFFIRMED.**